GEORGE LIVINGSTON V. EMELINE WILLIAMS ET AL.

No. 2749.

1. **Marriage Among Slaves.**—Section 27, article 12, of Constitution of 1869, validated the marriages of such persons (former slaves) as were living together as husband and wife at the time of its adoption, and legitimated the children of such persons, whether born before or after that time.

2. **Same.**—The cited section of the Constitution of 1869 can have no application to cases in which after emancipation persons formerly slaves had unlawfully cohabited; nor to cases in which during bondage slaves cohabited without intent to become husband and wife according to the usage of persons in that condition.

3. **Same.**—It seems that the continuance of the actual relationship of man and wife after emancipation would have the effect of validating the marriage which was only defective from the inability of the parties to make a legal contract.

4. **Same—Case in Judgment.**—Moses married Fanny, being slaves, after the usages of slaves, in 1850. They lived together in the same house until emancipation and until late in fall of 1865. Prior to emancipation Moses partially took up with Malinda, and had children by her. In fall of 1865 Moses and Malinda began living together as man and wife, and another son was thereafter born to them. In a suit by him against the heirs of Fanny for property left by Moses, *held*, that the plaintiff was not born in wedlock and did not take as heir.

APPEAL from Washington. Tried below before Hon. C. C. Garrett.

In the appeal the issue is presented whether appellant established his heirship to his father, Moses Livingston. The suit was against children of same father by another woman, claimed by defendants to have been the wife of said Moses. The parties are all colored, and had been slaves.

The findings of facts and of law by the court are as follows:

"1.   On February 24, 1879, Moses Livingston became the owner of the land in controversy, and died in 1887, still seized and possessed thereof. He is the common source under whom both parties claim.

"2.   Moses Livington was a slave, and was owned by one Philip R. Smith for a long time prior and up to his emancipation, June 19, 1865. After the manner of slaves, and with the consent of his master, he married one Fanny, also a slave belonging to said Smith, and they lived together as husband and wife, after the manner of slaves, upon the plantation of said Smith continuously from about 1850 until they were emancipated, and thereafter until the latter part of 1865, late in the fall.

"3.   Fanny died in 1872, and at the date of the death of said Moses he

left surviving him the following children of himself and Fanny, all born prior to emancipation, to-wit, Zylphia Walker (wife of Ben Walker), Emeline Williams (wife of Henry Williams), and Owen Williams (the wife of Reuben Williams), who are still living, and all of whom are defendants in this case.

"4.  For a long time prior to his emancipation, but beginning some time subsequent to his marriage with Fanny, the said Moses began to cohabit also with one Malinda, also a slave belonging to said Smith, and she bore him several children, the youngest of whom, George Livingston, the plaintiff, is the only one living, or living at the time of said Moses' death; but this cohabitation was disapproved by the master, and was clandestine. The relation, however, of husband and wife continued to exist between Moses and Fanny, and they occupied the same house and lived together in all respects as man and wife until late in the fall of 1865.

"5.  Late in the fall of 1865 the said Moses abandoned Fanny and took up with Malinda, and they lived and cohabited with each other as husband and wife until the death of Malinda, which occurred in 1876.  The plaintiff, George Livingston, was born in December, 1866.

"6.  Moses would occasionally visit and cohabit with Fanny from the time he abandoned her up to within a very short time of her death.

"7.  Moses, Fanny, and Malinda were all slaves, living with their said master in Washington County, Texas, at the time of their emancipation, June 19, 1865.

"Conclusions of law:.

"1.  The land was the separate property of the said Moses Livingston.

"2.  Moses and Malinda having commenced living together as husband and wife after they were emancipated, their cohabitation was illegal, and was not validated, and did not become a marriage by the Constitution of 1869, or the Act of August 15, 1870, hence the plaintiff George was born out of lawful wedlock, and he was not legitimated by the Constitution or said act.

"3.  It is unnecessary to find whether the defendants, children by Fanny, were legitimated and capable of inheritance or not, although I am inclined to believe that they were legitimate."

*Eddins & Ewing*, for appellant.—1.  If Moses Livington and Malinda were living together as husband and wife at any time prior to the 15th day of August, 1870, and were so living together on said day, they would then become husband and wife, and their son, the appellant, would be entitled to the land in controversy by inheritance.  Rev. Stats., art. 2846; Rice v. Rice, 31 Texas, 179, 180; Nichols v. Stewart, 15 Texas, 232.

2.  Should it be considered that in order to constitute Moses Livingston and Malinda husband and wife their cohabitation must have commenced under the laws of bondage, then appellant submits that the laws

of bondage were not repealed till the adoption of the Constitution of 1869, and as, under the findings of the court below, Moses and Malinda began to live together in the fall of 1865, they were husband and wife, and appellant is their legitimate child and should have had judgment for the land in controversy. Grigsby v. Peak, 57 Texas, 145; Sayles' Const. Hist., p. 366, sec. 5.

*Bassett, Muse & Muse,* for appellees.—The provisions of Revised Statutes, article 2846, upon which the appellant stakes his claim, do not apply, for the reason that his parents did not begin to live together as man and wife during the existence of the "laws of bondage," and at a time when they were "precluded from the rites of matrimony." Clements v. Crawford, 42 Texas, 601, 603; Oldham v. McIver, 49 Texas, 556, 563, 564; Steward v. The State, 7 Texas Ct. App., 326, 327, 328.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant to recover land which belonged to Moses Livingston, who died before it was brought.

The court below found that " Moses Livingston was a slave, and owned by one Philip R. Smith for a long time prior to and up to his emancipation, June 19, 1865. After the manner of slaves, and with the consent of his master, he married one Fannie, also a slave belonging to said Smith, and they lived together as husband and wife, after the manner of slaves, upon the plantation of said Smith continuously from about 1850 until they were emancipated, and thereafter until the latter part of 1865, late in the fall."

Appellees are the children of Moses and Fannie, born before emancipation.

" For a long time prior to his emancipation, but beginning some time subsequent to his marriage with Fannie, Moses began to cohabit also with one Malinda, also a slave belonging to said Smith, and she bore him several children, the youngest of whom, George Livingston, the plaintiff, is the only one now living; * * * but this cohabitation was disapproved of by the master, and was clandestine. The relation, however, of husband and wife continued to exist between Moses and Fannie, and they occupied the same house and lived together as man and wife until late in the fall of 1865."

The court further found that after time last named Moses and Malinda cohabited as husband and wife until her death, which occurred in 1876, but that during that period he also cohabited with Fannie at intervals until her death, which occurred in 1872.

On this state of facts the court below found that the relation of husband and wife did not exist between Moses and Malinda, and that appellant did not inherit from Moses.

In this ruling there was no error.

Section 27, article 12, of Constitution of 1869, legitimated the children of slaves who prior to emancipation lived together as husband and wife, and continued so to do until the death of one of them.

That section of the Constitution also validated the marriages of such persons as were living together as husband and wife at the time of its adoption, and legitimated the children of such persons, whether born before or after that time.

The purpose of this provision evidently was to give effect to the moral obligation arising from the consent and act of those who while slaves entered into the only marital relation possible under their condition, in all cases in which such persons after emancipation continued to recognize and live in the relation of husband and wife until the Constitution was adopted.

It, however, can have no application to cases in which, after emancipation, persons formerly slaves had unlawfully cohabited; nor to cases in which during bondage slaves had cohabited without intent to become husband and wife according to the usages of persons in that condition. They must have lived together as husband and wife during bondage and so have continued to live until the adoption of the Constitution to come within its provisions.

Not being capable of making matrimonial contracts while slaves, if on emancipation such persons theretofore living as husband and wife elected no longer to do so, we do not see that any lawful power would exist to make them man and wife against their consent; but their consent, evidenced by continued cohabitation after emancipation, that the relation of husband and wife recognized to exist during bondage should continue, might be given effect, as was done by the section of the Constitution referred to.

The relation of husband and wife was never recognized between the mother of appellant and Moses Livingston while they were slaves, and the provision of the Constitution did not have the effect to make them husband and wife simply because they were cohabiting at the time the Constitution was adopted. After emancipation they might have made a valid matrimonial contract, but the existence of such a contract can not be inferred from the fact of cohabitation when it is shown that he also cohabited with the mother of appellees, who, during the time they were slaves and subsequently, was recognized as his wife.

It may be true, under the facts in proof, that the relation of husband and wife continued between the mother of appellees and Moses Livingston until the adoption of the Constitution of 1869. If so, they became husband and wife and appellees his legitimate children.

Unless the provision of the Constitution on which it is claimed the status of the parties depends forbids such a ruling, it seems to us, as

stated by an elementary writer, "if the parties, having been married while slaves in the form usual among this class of persons, live together as husband and wife after they are emancipated, this, their subsequent mutual acknowledgment, should be held to complete the act of matrimony so as to make them lawfully and fully married from the time at which such subsequent living together commenced." 1 Bish. on Mar. and Div., 162.

If this be the true rule, then, without reference to the constitutional provision, under the findings of the court, the mother of appellees became the lawful wife of Moses Livingston, for he lived with her as husband and recognized her as his wife after their emancipation, although he may not have continued to do so until the Constitution of 1869 was adopted. If the mother became his wife, laws in force made appellees, though born in bondage and without wedlock, his legitimate children.

It is not necessary, however, to determine whether appellees are the legitimate children and therefore entitled by inheritance to the property in controversy, for as defendants they were entitled to a judgment unless appellant was shown to be the heir.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered January 24, 1890.